UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ADAM FRIEDMAN, individually and on behalf of all others similarly situated,

Plaintiff,

Case No. 0:24-cv-61050-RS

v.

USHEALTH ADVISORS, LLC,

Defendant.
_____________________________________________/

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS PARTIAL MOTION TO DISMISS COUNT III OF PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff Adam Friedman's Response in Opposition to Defendant USHEALTH Advisors, LLC's ("USHA") Partial Motion to Dismiss Plaintiff's Amended Complaint, (Dkt. No. 20), misstates a number of things to conceal the conclusory and insufficient nature of its allegations that USHA allegedly sent Plaintiff twelve texts over twenty months using an "automated system for the selection and dialing of telephone numbers" without his consent in violation of the FTSA. In his second attempt, Plaintiff states no well-pleaded facts whatsoever to render that claim plausible, as opposed to merely conceivable. No matter how many times he writes it, there is no admission that USHA utilized "automated means" to contact Plaintiff. Plaintiff's recycling of the same boilerplate allegations that his lawyers always assert about the defendant's supposed "Platform," without any explanation as to how Plaintiff supposedly "learned" or why he believes that to be the case, also fails to raise beyond the speculative level his assertion that the FTSA was violated. At bottom, Plaintiff offers no plausible basis to permit this Court to find the use of an "automated system for the selection and dialing of telephone numbers" in violation of Fla. Stat. § 501.059(8)(a), and there is no reason to provide him and his lawyers a third opportunity. Count III should be dismissed with prejudice.

# ARGUMENT

## I. PLAINTIFF WRONGLY ARGUES THERE IS NO PLEADING REQUIREMENT

Plaintiff argues that USHA's Motion to Dismiss is much ado about nothing because, Plaintiff contends, he does not need to allege any well-pleaded facts that an "automated system for the selection and dialing of telephone numbers" was used in violation of Fla. Stat. § 501.059(8)(a), and can simply make a "bare allegation" that such an automated system was used. *See* Opp'n at 4-5. That is not the law.

FTSA claims, of course, are not exempt from the requirement of "contain[ing] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, "[t]o properly allege a violation of this provision, a plaintiff must allege some facts making it plausible that the defendant used an automated dialing system as described by the statute." *Davis v. Coast Dental Servs., LLC*, No. 8:22-CV-941-KKM-TGW, 2022 WL 4217141, *2 (M.D. Fla. Sept. 13, 2022). Plaintiff argues that "every court to date has refused to follow and/or distinguished the case." Opp'n at 5. That is wrong. Indeed, no court has refused to follow *Davis* or found, as Plaintiff would have this Court believe, that the plausibility pleading requirement does not apply to FTSA claims. Rather than reject any such pleading requirement, other courts have held otherwise on the basis that there were sufficient factual allegations to state a plausible claim that such an automated system was used, allegations that do not appear here. *See Lopez v. Consumer Safety Technology, LLC*, No. 8:24-CV-150-WFJ-AAS, 2024 WL 2111876, *3 (M.D. Fla. May 10, 2024); *Simpson v. J.G. Wentworth Co.*, No. 823CV00152KKMAEP, 2024 WL 245992, *5 (M.D. Fla. Jan. 23, 2024); *Zononi v. CHW Group, Inc.*, No. 22-CV-14358, 2023 WL 2667941, *3 (S.D. Fla. Mar. 7, 2023). No court has ever ruled that a plaintiff states a claim under the FTSA merely

by alleging that the defendant used an automated system to call him, without any well-pleaded facts sufficient to render that plausible.

Plaintiff's reliance upon decisions involving a separate statute – the Telephone Consumer Protection Act ("TCPA"), and more specifically its prohibition on the unconsented use of automatic telephone dialing systems ("ATDS") – to argue "the bare allegation a defendant used an ATDS sufficiently stated a claim under the TCPA" is not only inapposite, it is incorrect. Opp'n at 4 (quoting *Wijesinha v. S. Fla. MGS, LLC*, 387 F. Supp. 3d 1412, 1415 (S.D. Fla. 2019)). The TCPA defines an ATDS as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and . . . to dial such numbers." 47 U.S.C. § 227(a)(1). As an initial matter, it has long been the law that, contrary to Plaintiff's suggestion, "[a] bare allegation that defendants used an [ATDS] is not enough," and a plaintiff is required to allege facts sufficient to raise a plausible "inference that an [ATDS] was used." *Mesa v. Am. Express Educ. Assurance Co*., No. 16-CV-24447, 2017 WL 2212147, *5 (S.D. Fla. May 18, 2017) (internal quotation omitted).[1]

In any event, the Supreme Court clarified only a few years ago that to qualify as an ATDS under the TCPA, "***whether storing or producing*** numbers to be called, the equipment in question ***must*** use a random or sequential number generator." *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1170 (U.S. 2021) (emphases added). Notably, ***all*** of Plaintiff's authorities on this issue pre-date *Duguid.* "After the *Duguid* opinion," however, courts have made clear that "the ATDS portion of the claim requires an allegation that [defendant] used a random or sequential number generator to

[1] *See also*, *e.g.*, *Lugassy v. Bank or Am., N.A.*, No. 19-CV-61765, 2020 WL 9460216, *4-6 (S.D. Fla. Mar. 6, 2020), report and recommendation adopted, 2020 WL 9460217 (S.D. Fla. Mar. 23, 2020); *McGinity v. Tracfone Wireless, Inc.*, 5 F. Supp. 3d 1337, 1340 (M.D. Fla. 2014); *Speidel v. JP Morgan Chase & Co.*, No. 2:13-CV-852-FTM-29, 2014 WL 582881, *2 (M.D. Fla. Feb. 13, 2014); *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012)).

place a call to Plaintiff's cellphone . . . ." *Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-CV-1598-D, 2021 WL 5040228, *3 (N.D. Tex. Oct. 29, 2021) (quoting *McEwen v. Nat'l Rifle Ass'n of Am*., No. 2:20-CV-00153-LEW, 2021 WL 1414273, *7 (D. Me. Apr. 14, 2021)).[2] That pleading requirement is presumably why Plaintiff did not attempt to assert an ATDS claim under the TCPA. Plaintiff, though, cannot avoid the plausibility pleading requirement on its FTSA claim, either.

## II. PLAINTIFF DOES NOT PLAUSIBLY ALLEGE AN AUTOMATED SYSTEM WAS USED TO SEND HIM TEXT MESSAGES

Despite arguing he need not state any facts to render plausible his allegation that the text messages were sent to him using an "automated system for the selection and dialing of telephone numbers," Plaintiff points to three series of allegations that he contends satisfy that requirement.

First, Plaintiff contends that USHA "admits that it utilizes '***automated means***' to solicit consumers." Opp'n at 2. Once again, Plaintiff ignores the actual language in the Privacy Policy that he continues to mischaracterize. Plaintiff does not dispute that the Privacy Policy applies only to information provided through online and mobile services that USHA and its affiliates own and operate, and relates only to calls or texts to a telephone number "you provide us" on such a service. Mot, Ex. A at 6. That is significant because Plaintiff alleges that "[a]t no point in time did [he] provide Defendant with his express written consent to be contacted" and "has no existing business relationship with Defendant," (FAC at ¶¶ 23-24), making the Privacy Policy he relies so much

[2] *See also*, *e.g.*, *Camunas v. Nat'l Republican Senatorial Comm*., No. CV 21-1005, 2021 WL 5143321, *6 (E.D. Pa. Nov. 4, 2021) ("Camunas does not allege that his number was stored after it was generated by a random or sequential number generator. Thus, Camunas has not pleaded facts sufficient to support a reasonable inference that NRSC used a device that had 'the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator.'") (quoting *Facebook*, 141 S. Ct. at 1167)); *DeClements v. Americana Holdings LLC*, No. CV-20-00166-PHX-DLR, 2021 WL 5138279, *2 (D. Ariz. Nov. 4, 2021) (dismissing ATDS claim because "the complaint does not allege any facts showing that Plaintiff was texted as a result of an autodialer sequentially or randomly generating the digits of his phone number").

upon completely inapplicable to the text messages he alleges he received. That USHA *might* have sent text messages through automated means to people who provided their telephone numbers to USHA with express written consent means nothing with respect to Plaintiff and the allegedly unsolicited texts he received from a company with which he claims he never interacted. This, alone, renders Plaintiff's reliance upon the Privacy Policy misplaced.

Moreover, even if the language of a plainly inapplicable policy could be relevant, Plaintiff still misreads the Privacy Policy. The Privacy Policy does not state or make it likely that messages are sent through automated systems. It merely states "we ***may*** contact you, using automated, pre-recorded, ***or non-automated means*** . . . ." Mot, Ex. A at 6 (emphases added). That truism says nothing that suggests any particular text messages were sent using automated means, as opposed to "non-automated means." That is quite different from the language in *Zononi*, which expressly stated the defendant's telephone calls "includ[e] use of automated dialing equipment" and did not refer to the use of non-automated means. 2023 WL 2667941 at *4.

Second, Plaintiff points to "specific factual allegations regarding the automated telephone equipment utilized by Defendant . . . ." Opp'n at 3 (citing FAC at ¶¶ 39-42). At no point does Plaintiff explain how he could possibly know any of these purported facts about USHA's so-called "Platform" so as to render them well-pleaded, as opposed to conclusory, cookie-cutter allegations that cannot be credited. *Accord Aikens v. Synchrony Fin. d/b/a Synchrony Bank*, No. 15-10058, 2015 WL 5818911, *3 (E.D. Mich. July 31, 2015) (explaining that to render a claim that an ATDS was used plausible, plaintiff must allege facts sufficient to "explain why or how Plaintiff knows that an ATDS was used"), report and recommendation adopted, 2015 WL 5818860 (E.D. Mich. Aug. 31, 2015).

Indeed, Plaintiff repeatedly argues his pleading obligations should be minimized because

the "facts" about "the automated system Defendant uses to send its marketing text messages" "are peculiarly within the possession and control of the defendant." Opp'n at 3. *See also id.* at 2 (stating as "obvious" that "Defendant's use of an automated dialing system falls into the category of knowledge 'peculiarly within the possession' of Defendant."). If that is the case, then what basis is there for Plaintiff's so-called "specific" allegations about USHA's purported "Platform"? The reality is that there is none, none that would allow this Court to credit those allegations as plausibly alleging use of an automated system. Far from being "specific" to USHA, these are allegations that Plaintiff's counsel repeatedly asserts in cookie-cutter, boilerplate form in FTSA cases that they commence. *See* Ex. A at ¶¶ 26-29; Ex. B at ¶¶ 28-31; Ex. C at ¶¶ 20-34; Ex. D at ¶¶ 20-34; Ex. E at ¶¶ 20-34; Ex. F at ¶¶ 22-35; Ex. G at ¶¶ 22-35; Ex. H at ¶¶ 26-39; Ex. I at ¶¶ 27-40; Ex. J at ¶¶ 26-39. None of these allegations, for which Plaintiff never provides any basis, and which he argues he cannot possibly know, can be credited as well-pleaded, "specific" facts about USHA. *Cf. Jones v. Fannie Mae*, No. 10-14509, 2012 WL 13006044, *3 n.5 (E.D. Mich. July 20, 2012) (finding "[a]s a strong indication of the cookie-cutter nature of the pleadings filed by Plaintiff and her counsel in this case" the fact that they were "essentially identical" to other complaints).

<u>Third</u>, Plaintiff also argues that the use of an automated system was used to text him twelve times over twenty months – hardly a frequency that points to the use of automated methods – because "at least half of the messages were generic . . . ." Opp'n at 4. It is unclear how Plaintiff arrives at that figure, as six of the text messages referred to his name, three others referred to his profession, and one was simply a confirmation of a "Stop" request that is not actionable. *See* FAC at ¶¶ 16-20. *See also Derby v. AOL, Inc.*, No. 15-CV-00452-RMW, 2015 WL 3477658, *7 (N.D. Cal. June 1, 2015). Far from plausibly pointing to the use of an automated system, "these facts are also consistent with . . . send[ing] individual messages from a personal cell phone in full

compliance with the FTSA." *Davis*, 2022 WL 421714 at *2. Similarly, that Plaintiff received a confirmation text in response to his "Stop" request to one of the several telephone numbers that he alleges texted him is hardly probative of any equipment supposedly used by all purported senders via a "Platform" "for the selection *and* dialing of telephone numbers . . . ." Fla. Stat. § 501.059(8)(a) (emphasis added).

Fourth, the other authorities relied upon by Plaintiff only serve to highlight the lack of factual allegations sufficient to render plausible Plaintiff's claim that an automated system was used in violation of the FTSA, as opposed to merely possible. In *Lopez v. Consumer Safety Technology, LLC*, No. 8:24-CV-150-WFJ-AAS, 2024 WL 2111876, *3 (M.D. Fla. May 10, 2024), the court found the plaintiff had "pled far more" than was done in *Davis*, namely that the plaintiff was texted sixty-six times in four months, "specifically describe[d] Intoxalock's automated dialing system," and that defendant "used a 'lead list' of telephone numbers . . . ." Plaintiff alleges nothing like that here. And in *Simpson v. J.G. Wentworth Co*., No. 8:23-CV-00152-KKM-AEP, 2024 WL 245992, *5 (M.D. Fla. Jan. 23, 2024), the court found an automated system had been sufficiently alleged because the plaintiff had alleged "(a) there was a significant pause after [Simpson] picked up the phone before the robot started speaking (b) the recording would keep play[ing] when the call recipient began talking (c) the robot had a generic monotone voice," and only after the pre-recorded message had played was plaintiff "directed . . . to one Defendants' representatives," so as to preclude the "common-sense inference" that the call was placed through a non-automated system. Here, unlike in *Simpson*, Plaintiff has not alleged anything that is not equally consistent with the possibility that the dozen or so text messages sent to him over nearly two years were sent through ***non***-automated means.

## CONCLUSION

For the foregoing reasons, USHA respectfully requests that the Court enter an Order dismissing Count III of Plaintiff Adam Friedman's First Amended Complaint with prejudice, and granting any further relief the Court deems appropriate.

Dated: September 16, 2024

Respectfully submitted,

GREENSPOON MARDER LLP

By: */s/ Roy Taub*
Jeffrey A. Backman (Bar No. 662501)
Roy Taub (Bar No. 116263)
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 491-1120
Fax: (954) 213-0140
jeffrey.backman@gmlaw.com
mary.torres@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

*Attorneys for Defendant*
*USHEALTH Advisors, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 16, 2024, a true and correct copy of the foregoing was served on all counsel of record via CM-ECF.

*/s/ Roy Taub*
ROY TAUB